**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 116278

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Vincent Pena, | Docket No: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| Alltran Financial, LP, | JURY TRIAL DEMANDED |
| Defendant. | |

Vincent Pena (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Alltran Financial, LP (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1.    This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.    This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.    Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.    At all relevant times, Defendant conducted business within the State of New York.

1

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## PARTIES

5.      Plaintiff Vincent Pena is an individual who is a citizen of the State of New York residing in Richmond County, New York.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.      On information and belief, Defendant Alltran Financial, LP, is a Texas Limited Partnership with a principal place of business in Harris County, Texas.

8.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10.     Defendant alleges Plaintiff owes a debt ("the Debt").

11.     The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12.     Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13.     Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14.     In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated November 24, 2017. (**"Exhibit 1."**)

15.     The Letter was the initial communication Plaintiff received from Defendant.

16.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
### Violations of 15 U.S.C. §§ 1692g and 1692e

17.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

19.     15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the

2

debt."

20.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

21.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

22.     15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

23.     The Letter lists an "Amount Due" of $15,265.25.

24.     The Debt was not $15,265.25.

25.     The "Amount Due" listed on the Letter includes estimated charges not actually accrued.

26.     The "Amount Due" listed on the Letter includes estimated charges not actually owed.

27.     The Letter fails to contain an explanation, understandable by the least sophisticated consumer, of the estimated charges.

28.     The Letter did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

29.     The Letter did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

30.     The Letter did not convey "the amount of the debt" without ambiguity from the perspective of the least sophisticated consumer.

31.     The Letter did not adequately set forth "the amount of the debt" as required by 15 U.S.C. § 1692g.

32.     The Letter violates 15 U.S.C. § 1692g.

33.     The Letter's statement that Plaintiff owed $15,265.25 is false.

34.     The Letter's statement that Plaintiff owed $15,265.25 is a false representation of the amount of the Debt in violation of 15 U.S.C. § 1692e(2)(A).

35.     The Letter's statement that Plaintiff owed $15,265.25 is a false representation and/or deceptive means to attempt to collect the Debt in violation of 15 U.S.C. § 1692e(10).

## JURY DEMAND

36.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a.      Damages against Defendant pursuant to 15 U.S.C. § 1692k; and

b.      Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c.      Plaintiff's costs; all together with

d.      Such other relief that the Court determines is just and proper.

DATED: November 6, 2018

**BARSHAY SANDERS, PLLC**

By: _/s/ *Craig B. Sanders*_____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 116278

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530